EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
RIP FINST (Bar No. 234478)
rip.finst@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff
CISCO SYSTEMS INC.

E-filing

ADR

FILED
2009 APR -8 P 3: 38
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TELECONFERENCE SYSTEMS, LLC, and MARGALLA COMMUNICATIONS INC.,<br><br>Defendants. | Case No. C09 01550 PVT<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cisco Systems, Inc. ("Cisco") by and through its attorneys, bring this action against Teleconference Systems, LLC ("TS") and Margalla Communications Inc. ("Margalla") (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

Cisco brings this declaratory judgment action promptly to protect its innovative TelePresence product line from TS's unwarranted claims that those products infringe United States Patent No. 6,980,526 ("the '526 patent"). Specifically, TS has filed an action in the United States District Court for the District of Delaware, Civil Action No. 1:09-cv-00200-JBS ("TelePresence Customer Suit") alleging that eight different companies infringe the '526 patent, directly and indirectly, through their involvement with Cisco's TelePresence products. Several of these companies have sought indemnification from Cisco in relation to the TelePresence

Customer Suit. Accordingly, Cisco brings this action to free its customers, its product line, and itself from this unwarranted allegation of infringement.

In its TelePresence Customer Suit, TS does not allege that it owns the '526 patent, but instead merely claims to be an exclusive licensee. The patent is apparently owned by Margalla, which is therefore included as a defendant as well.

## PARTIES

1. Cisco is a corporation organized and existing under the laws of the State of California. Cisco's principal place of business is at 170 West Tasman Drive, San Jose California 95134.

2. On information and belief, Teleconference Systems LLC is a company organized and existing under the laws of Texas, identifying its principal place of business at 515 Congress Avenue, Suite 2300, Austin, TX 78701-3560. TS does not claim to own the '526 Patent, but purports to be an exclusive licensee of the patent with rights to enforce the '526 patent and sue infringers.

3. On information and belief, TS is an agent and alter ego of Acacia Patent Acquisition LLC and Acacia Research Corporation. According to Texas public records, the sole member of Teleconference Systems LLC is Acacia Patent Acquisition LLC. Acacia Patent Acquisition LLC is a company organized and existing under the laws of Delaware and having its principal place of business at 600 Newport Center Drive, 7th Floor, Newport Beach, CA 92660. Acacia Patent Acquisition LLC is itself a subsidiary of Acacia Research Corporation. Acacia Research Corporation is a public company comprised of numerous operating subsidiaries that are in the business of monetizing patents. Acacia Research Corporation is a company organized and existing under the laws of Delaware and having its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, CA, 92660.

4. On information and belief, Margalla is a company organized and existing under the laws of California, having its principal place of business at 1339 Portola Road, Woodside, CA 94062. On information and belief, Margalla is the named assignee of the '526 patent. On information and belief, Margalla purportedly licensed the '526 patent to TS for the

1 purpose of monetizing the patent, either through licensing or enforcement of the '526 patent or both.

## JURISDICTION

### SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction over Cisco's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Cisco is the worldwide leader in networking for the Internet. Cisco hardware, software, and service offerings are used to create Internet solutions that allow individuals, companies, and countries to increase productivity, improve customer satisfaction and strengthen competitive advantage. Among these solutions is Cisco's TelePresence product line. Cisco's TelePresence product line creates live, face-to-face meeting experiences over a network, empowering remote users to interact and collaborate across the "virtual table."

7. On March 27, 2009, TS filed the TelePresence Customer Suit. In its Complaint, TS alleges that it is the exclusive licensee of the '526 patent with rights to enforce the '526 patent and sue infringers. TS further alleges that Proctor & Gamble Pharmaceuticals Inc., HSBC USA Inc., Baxter Healthcare Corporation, Applied Materials Inc., Wachovia Corporation, Staples Inc., Cabela's Incorporated, and Enbridge Holdings (US) LLC, through their involvement with Cisco's TelePresence products, infringe the '526 patent by making, using, importing, offering for sale, and/or selling apparatuses and/or systems covered by one or more claims of the '526 Patent. TS specifically includes direct, contributory and inducement infringement claims as part of its Customer Suit and contends that the TelePresence product itself infringes. But TS did not include Cisco as a defendant even though Cisco owns the TelePresence product line and makes, uses and sells TelePresence products. In view of the fact that Cisco owns the product line, the TelePresence Customer Suit has triggered indemnity requests by Cisco's customers. A true and correct copy of TS's Complaint in the TelePresence Customer Suit is attached hereto as Exhibit A.

8. Cisco denies that the '526 patent is infringed through the manufacture, sale, offer for sale, importation or use of any product in the Cisco TelePresence product line by Cisco

or its customers. Cisco further contends that the '526 patent is invalid. Under all the circumstances, TS's infringement allegations threaten actual and imminent injury to Cisco that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Such injury includes, among other things, uncertainty as to whether the manufacture, use and sale of TelePresence products is free from infringement claims based on the '526 patent, the injury to Cisco's efforts to market and sell TelePresence products resulting from the TelePresence Customer Suit and the threat that other customer's will be sued, and the legal obligations flowing from Cisco's indemnity commitments to its customers. Absent a declaration of noninfringement and/or invalidity, Defendants will wrongfully assert the '526 patent against Cisco's TelePresence products, and will thereby cause Cisco irreparable injury and damage. Thus, an actual and justiciable controversy exists between Cisco and Defendants as to the '526 patent.

**PERSONAL JURISDICTION**

9. Upon information and belief, Defendants are subject to general and specific personal jurisdiction in this judicial district based upon their purposeful, systematic, and continuous contacts with California, including those relating to this case, including the following.

10. On information and belief, Margalla is a company organized and existing under the laws of California and having its principal place of business in this judicial district. Margalla purposefully, systematically and continuously directs activities in California and this judicial district, including by basing its business and consulting services in this judicial district and by soliciting clients in this judicial district through its website.

11. On information and belief, TS purports to have obtained an exclusive license to the '526 patent with rights to enforce the '526 patent and sue infringers from the assignee, Margalla, a company organized and existing under the laws of California and having its principal place of business in this judicial district. On information and belief, TS intentionally and purposefully negotiated and contracted for rights related to the '526 patent in California with and through Acacia Patent Acquisition LLC and Acacia Research Corporation.

12. On information and belief, TS has taken intentional and purposeful steps to

COMPLAINT
DEMAND FOR JURY TRIAL

4

Case No.

enforce the '526 patent against residents of this judicial district, including by suing Cisco customers with principal places of business or operations in this judicial district for infringement of the '526 patent and seeking to enjoin these entities, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the '526 patent. TS's efforts to enforce the '526 patent and enjoin these entities also adversely and foreseeably impact Cisco, a resident of this judicial district, as described further above.

13. On information and belief, TS is an agent and alter ego of Acacia Patent Acquisition LLC and Acacia Research Corporation (collectively "Acacia"), both of which have principal places of business in California. According to its website, Acacia Research Corporation controls over 100 patent portfolios covering technologies used in a wide variety of industries and its subsidiaries develop, acquire, and license patented technologies. On information and belief, Acacia is in the business of monetizing patents and its standard business model is to create shell entities such as TS to hold different patent assets to assert against operating entities. On information and belief, Acacia causes these shell entities to be created in different locations in an attempt to generate jurisdiction in its chosen location and to avoid jurisdiction in other locations. On information and belief, TS acts as an agent of Acacia because, among other things, Acacia acquired a purported exclusive license to the '526 patent by and through TS and was responsible for making payments relating to the '526 patent, to the extent any such payments were made, to Margalla for the purported exclusive license granted to TS. On information and belief, TS acts as an agent of Acacia because Acacia has sought to enforce, monetize and/or license the '526 patent by and through TS. TS is also an alter ego of Acacia because, among other things, TS is a mere instrumentality of Acacia for the acquisition, enforcement, monetization and/or licensing of the '526 patent, and individuals acting on behalf of TS for the acquisition, enforcement, monetization and/or licensing of the '526 patent are engaged or employed by Acacia and acting on Acacia's behalf. On information and belief, TS's relationship as agent and alter ego of Acacia is consistent with Acacia's standard business model for monetizing patents through the formation of subsidiaries for litigation with a lack of respect for corporate formalities, which has been recognized in past federal court litigation involving Acacia's subsidiaries.

14. On information and belief, Acacia performed an investigation of the '526 patent before it acquired a license and/or rights in the '526 patent and negotiated the acquisition of those rights with and through TS in California and as part of its status as principal and alter ego of TS. On information and belief, Acacia prepared for litigation, performed whatever pre-filing infringement and validity analysis occurred, and executed the TelePresence Customer Suit, all in substantial part in California, and all as part of its status as principal and alter ego of TS.

15. On information and belief, Acacia is subject to general personal jurisdiction in this judicial district in light of its substantial, continuous, and systematic contacts with California. Acacia's principal place of business is in California. Acacia purposefully, systematically and continuously directs activities in California and this judicial district, including by initiating litigation in federal district courts in California; licensing patents to residents of this judicial district; participating in and hosting exhibiting booths at conferences in this judicial district; and soliciting inventors to assign or license patents to Acacia to monetize those patent through licensing or litigation in this judicial district through its website.

**VENUE**

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this judicial district, and because the Defendants are subject to personal jurisdiction within this judicial district.

**COUNT I**

17. Cisco hereby restates and realleges the allegations set forth in paragraphs 1 through 16 above and incorporates them by reference.

18. On information and belief, Margalla is the named assignee of the '526 patent and TS purports to be the exclusive licensee of the '526 patent with rights to enforce the patent and sue infringers. A true and correct copy of the '526 patent is attached hereto as Exhibit B.

19. No claim of the '526 patent has been or is infringed, either directly or indirectly, contributorily or otherwise, by Cisco or its customers through their activities in conjunction with Cisco's TelePresence products.

20. The claims of the '526 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

21. As set forth above, an actual controversy exists between Cisco and Defendants as to infringement and invalidity of the '526 patent. Cisco desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for the following relief:

A. A declaration that Cisco and its customers have not infringed and are not infringing, directly, indirectly or otherwise, any claim of the '526 patent;

B. A declaration that each claim of the '526 patent is invalid;

C. An order that Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Cisco or Cisco's customers claiming that the '526 patent is valid, enforceable, or infringed, or from representing that Cisco's products or services, or that others' use thereof, infringe the '526 patent;

D. A declaration that this case is exceptional under 35 U.S.C. § 285 and awarding Cisco its attorneys' fees and costs in connection with this case;

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Cisco demands a trial by jury on all issues so triable.

Dated: April 8, 2009
WEIL, GOTSHAL & MANGES LLP

By: *Edward Reines / AF by permission*
Edward R. Reines
Attorneys for Plaintiff
CISCO SYSTEMS, INC.