ANTHONY G. SIMON, Mo. Bar No. 38745 (*pro hac vice* application pending)
TIMOTHY E. GROCHOCINSKI, Mo. Bar No. 59607 (*pro hac vice* application pending)
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029
asimon@simonlawpc.com

ROBERT W. HICKS (Cal. Bar No. 168049)
KENNETH R. WRIGHT (Cal. Bar No. 176325)
Robert W. Hicks & Associates
14510 Big Basin Way, Suite 151
Saratoga, CA 95070
Telephone:   (619) 846-4333
Facsimile:    (619) 236-3413
rhicks@rwhlaw.com
kwright@rwhlaw.com

Attorneys for Defendant/Third Party Plaintiff
TELECONFERENCE SYSTEMS, LLC and
MARGALLA COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>TELECONFERENCE SYSTEMS, LLC and MARGALLA COMMUNICATIONS, INC.,<br><br>Defendant/Third Party Plaintiff,<br><br>vs.<br><br>PROCTOR & GAMBLE PHARMACEUTICALS, INC., HSBC USA, INC., BAXTER HEALTHCARE CORPORATION, APPLIED MATERIALS, INC., WACHOVIA CORPORATION, STAPLES, INC., CABELA'S INCORPORATED, ENBRIDGE HOLDINGS (U.S.), L.L.C., AT&T, INC., GENERAL ELECTRIC COMPANY(GE), JOHNSON & JOHNSON, INC., SAP AMERICA and SBM ATLANTIA, INC.<br><br>Third Party Defendants. | Case No.: C 09-01550 JSW<br><br>THIRD PARTY COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

1.

---

THIRD PARTY COMPLAINT

Case No. 5:09-cv-05895 HRL

Doc No. 9Y5799

Third Party Plaintiff, Teleconference Systems, LLC, ("TS") files this Third Party Complaint against Proctor & Gamble Pharmaceuticals, Inc., HSBC USA, Inc., Baxter Healthcare Corporation, Applied Materials, Inc., Wachovia Corporation, Staples, Inc., Cabela's Incorporated, Enbridge Holdings (U.S.), L.L.C., AT&T, Inc., General Electric Company (GE), Johnson & Johnson, Inc., SAP America, Inc. and SBM Atlantia, Inc., (collectively "Third Party Defendants") for infringement of United States Patent No. 6,980,526 (hereinafter "the '526 Patent"). A copy of the '526 patent is attached as Exhibit A.

## JURISDICTION

1. This is an action for patent infringement under title 35 of the United States Code. TS is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

4. TS is a Texas corporation.

5. Third party defendant Proctor & Gamble Pharmaceuticals, Inc., ("Proctor") is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Proctor has used and continues to use a system that infringes one or more claims of the '526 patent. Proctor has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

6. Third party defendant HSBC USA, Inc., ("HSBC") is a Maryland corporation with its principal office located in New York, New York. HSBC has used and continues to use a system that infringes one or more claims of the '526 patent. HSBC has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

7. Third party defendant Baxter Healthcare Corporation, ("Baxter") is a Delaware corporation with its principal office located in Deerfield, Illinois. Baxter has used and continues

2.

to use a system that infringes one or more claims of the '526 patent. Baxter has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

8. Third party defendant Applied Materials, Inc. ("Applied") is a Delaware corporation with its principal office located in Santa Clara, California. Applied has used and continues to use a system that infringes one or more claims of the '526 patent. Applied has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

9. Third party defendant Wachovia Corporation ("Wachovia") is a North Carolina corporation with its principal office located in Winston Salem, North Carolina. Wachovia has used and continues to use a system that infringes one or more claims of the '526 patent. Wachovia has infringed and continues to infringe the '526 patent either directly or through the acts of contributor y infringement or inducement in violation of 35 U.S.C. § 271.

10. Third party defendant Staples, Inc., ("Staples") is a Delaware corporation with its main office in Framingham, Massachusetts. Staples has used and continues to use a system that infringes one or more claims of the '526 patent. Staples has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

11. Third party defendant Cabela's Incorporated ("Cabela's") is a Delaware corporation with its principal office located in Sidney, Nebraska. Cabela's has used and continues to use a system that infringes one or more claims of the '526 patent. Cabela's has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

12. Third party defendant Enbridge Holdings (U.S.), L.L.C. ("Enbridge") is a Delaware Limited Liability with its principal office located in Houston, Texas. Enbridge has used and continues to use a system that infringes one or more claims of the '526 patent.

3.

THIRD PARTY COMPLAINT

Case No. 5:09-cv-05895 HRL

Doc No. 9Y5799

Enbridge has infringe and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

13. Third party defendant AT&T, Inc. ("AT&T") is a Delaware corporation with its principal office located in Dallas, Texas. AT&T has used and continues to use a system that infringes one or more claims of the '526 patent. AT&T has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. Third party defendant General Electric Company (GE) ("GE") is a New York corporation with its principal office located in Fairfield, Connecticut. GE has used and continues to use a system that infringes one or more claims of the '526 patent. GE has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

15. Third party defendant Johnson & Johnson, Inc. ("J&J") is a New Jersey corporation with its principal office located in New Brunswick, New Jersey. J&J has used and continues to use a system that infringes one or more claims of the '526 patent. J&J has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

16. Third party defendant SAP America, Inc. ("SAP") is a Delaware corporation with its principal office located in Philadelphia, Pennsylvania. SAP has used and continues to use a system that infringes one or more claims of the '526 patent. SAP has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

17. Third party defendant SBM Atlantia, Inc. ("SBM") is a Delaware corporation with its principal office located in Houston, Texas. SBM has used and continues to use a system that infringes one or more claims of the '526 patent. SBM has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

18. On information and belief, the systems, or components of the systems, that are alleged herein to infringe were made, used, imported, offered for sale and/or sold in the Northern District of California.

19. This court has personal jurisdiction over third party defendants because third party defendants have committed acts of infringement in this district; do business in this district; have systematic and continuous contacts in this district and/or have consented to jurisdiction here.

### INFRINGEMENT OF U.S. PATENT 6,980,526

20. TS incorporates paragraphs 1 through 19 herein by reference.

21. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

22. TS is the exclusive licensee of the '526 patent with rights to enforce the '526 patent and sue infringers.

23. The '526 Patent, titled "Multiple Subscriber Videoconferencing System," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24. On information and belief, third party defendant Proctor has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

25. On information and belief, third party defendant HSBC has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

26. On information and belief, third party defendant Baxter has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

27. On information and belief, third party defendant Applied has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

28. On information and belief, third party defendant Wachovia has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

29. On information and belief, third party defendant Staples has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

30. On information and belief, third party defendant Cabela's has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

31. On information and belief, third party defendant Enbridge has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

32. On information and belief, third party defendant AT&T has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

33. On information and belief, third party defendant GE has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

34. On information and belief, third party defendant J&J has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

35. On information and belief, third party defendant SAP has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

36. On information and belief, third party defendant SBM has infringed and continues to infringe the '526 Patent by using a system covered by one or more claims of the '526 Patent, including, but not limited to a multiple subscriber video conferencing system.

37. Third party defendants have reaped significant cost savings from using TS's patented invention, including reduced travel expenses, and such infringement has increased third party defendants' productivity thereby increasing third party defendants' revenues and profit.

38. Third party defendants herein are accused of directly infringing one or more claims of the '526 patent via their use of a multiple subscriber video conferencing system. While one or more components of the accused system may have been provided by Cisco, Cisco does not provide the entire system to each third party defendant. Therefore, disposition of TS' claims against Cisco would not be dispositive of TS' claims against the remaining third party defendants.

39. TS is entitled to damages of at least a reasonable royalty for the use of TS's invention by third party defendants, including both cost savings and increased profits reaped by the third party defendants from their infringement as alleged herein.

40. Third party defendants' actions complained of herein will continue unless third party defendants are enjoined by this Court.

41. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

42. TS has complied with 35 U.S.C. § 287.

43. Third party defendants' actions complained of herein are causing irreparable harm and monetary damage to TS and will continue to do so unless and until Defendants are enjoined and restrained by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Third Party Plaintiff, Teleconference Systems, LLC, asks the Court to:

A. Enter judgment for Third Party Plaintiff on this Third Party Complaint;

B. Enjoin Third Party Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Third Party Defendants who receive notice of the order from further infringement of United States Patent No. 6,980,526;

C. Award Third Party Plaintiff damages resulting from Third Party Defendants' infringement in accordance with 35 U.S.C. § 284;

D. Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

E. Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F. Award Third Party Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

G. Order the impounding and destruction of all Third Party Defendants' apparatuses that infringe the '526 Patent;

H. Award Third Party Plaintiff pre-judgment and post-judgment interest and costs; and

I. Award Third Party Plaintiff such further relief to which the Court finds Third Party Plaintiff entitled under law or equity.

## JURY DEMAND

Third Party Plaintiff, Teleconference Systems, LLC, demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 4, 2010
                                               THE SIMON LAW FIRM, P.C.

                                               By: /s/ Anthony G. Simon
                                                      ANTHONY G. SIMON
                                                      asimon@simonlawpc.com

                                               Attorneys for Third Party Plaintiffs

## PROOF OF SERVICE

I, Anthony G. Simon, declare:

I am and was at the time of the service mentioned in this declaration, employed in the City of St. Louis, Missouri. I am over the age of 18 years and not a party to this cause and counsel of record for the plaintiff in this matter. My business address is The Simon Law Firm, 701 Market St., Suite 1450, St. Louis, MO 63101. On February 4, 2010, I served a copy of Third Party Plaintiff, Teleconference Systems, LLC's Third Party Complaint by electronic mail via CM/ECF system to the person(s) shown below following ordinary business practices of The Simon Law Firm and pursuant to agreement among counsel:

*All attorneys of record.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 4, 2010 in St. Louis, Missouri.

/s/ Anthony G. Simon
Anthony G. Simon

9.

THIRD PARTY COMPLAINT

Case No. 5:09-cv-05895 HRL

Doc No. 9Y5799