1    MATTHEW D. POWERS (Bar No. 104795)
     matthew.powes@weil.com
2    EDWARD R. REINES (Bar No. 135960)
     edward.reines@weil.com
3    SONAL N. MEHTA (Bar No. 222086)
     sonal.mehta@weil.com
4    RIP FINST (Bar No. 234478)
     rip.finst@weil.com
5    WEIL, GOTSHAL & MANGES LLP
     201 Redwood Shores Parkway
6    Redwood Shores, CA  94065
     Telephone: (650) 802-3000
7    Facsimile: (650) 802-3100

8    Attorneys for Counterclaim-Defendant
     SBM ATLANTIA, INC.

9

10             UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

| | |
|---|---|
| 13   CISCO SYSTEMS, INC., | Case No. C 09-01550 JSW |
| 14          Plaintiff and Counterclaim-Defendant, | **SBM ATLANTIA, INC.'S MOTION TO DISMISS TELECONFERENCE SYSTEMS, LLC'S THIRD PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** |
| 15      v. | |
| 16   TELECONFERENCE SYSTEMS, LLC, and MARGALLA COMMUNICATIONS INC., | |
| 17 | |
| 18          Defendants and Counterclaim-Plaintiff, | Date:     June 18, 2010 <br> Time:     9:00 a.m. |
| 19      v. | Judge:    Honorable Jeffrey S. White <br> Place:    450 Golden Gate Ave. |
| 20   PROCTOR & GAMBLE |          Courtroom 11, 19th Fl. <br>          San Francisco, CA |
| 21   PHARMACEUTICALS, INC., HSBC USA, INC., BAXTER HEALTHCARE | |
| 22   CORPORATION, APPLIED MATERIALS, INC., WACHOVIA CORPORATION, | |
| 23   STAPLES, INC., CABELA'S INCORPORATED, ENBRIDGE HOLDINGS | |
| 24   (U.S.), L.L.C, AT&T, INC., GENERAL ELECTRIC COMPANY(GE), JOHNSON & | |
| 25   JOHNSON, INC., SAP AMERICA and SBM ATLANTIA, INC. | |
| 26 | |
| 27         Counterclaim-Defendants and Counterclaim-Plaintiffs. | |

28

1

2

## NOTICE OF MOTION

3

      PLEASE TAKE NOTICE that on June 18, 2010 at 9:00 a.m., or as soon thereafter

4  as counsel may be heard by the above-titled Court, located at 450 Golden Gate Ave., Courtroom

5  11, 19th Fl., San Francisco, California, Counterclaim-Defendant SBM Atlantia, Inc. ("SBM

6  Atlantia") will and hereby does move for this Court to grant its motion to dismiss Teleconference

7  Systems, LLC's ("TS") "Third Party Complaint"[1] for lack of personal jurisdiction and improper

8  venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).  This motion is based upon

9  this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of

10  Carla Mashinski in support of this motion, all matters with respect to which this Court may take

11  judicial notice, all papers and pleadings on file or deemed to be on file herein, and such argument

12  as may be presented at the hearing.

13

14

## MEMORANDUM OF POINTS AND AUTHORITIES

15

16

## I.      INTRODUCTION AND FACTUAL BACKGROUND

17        This motion is necessitated by the latest in a sequence of attempts by Defendant

18  and Counterclaim-Plaintiff TS to cast a wide—and indiscriminate—net over purchasers of Cisco

19  Systems, Inc.'s TelePresence videoconferencing products.  Specifically, this Court lacks personal

20  jurisdiction over Counterclaim-Defendant SBM Atlantia and venue is improper here.  The action

21  against SBM Atlantia should be dismissed.

22        TS initiated the dispute underlying this action when it filed a suit in the District of

23  Delaware (the "Delaware Action") alleging that eight companies infringed U.S. Patent No.

24  6,980,526 ("the '526 Patent") through their involvement with Cisco's TelePresence products. In

25  response, Cisco filed this declaratory judgment action against TS and Margalla Communications,

26  Inc., the owner of the '526 Patent, in order to protect itself and its customers from TS's

27

28

---

[1] TS titled its pleading a "Third Party Complaint," but the pleading is properly denominated a counterclaim naming additional defendants in the action pursuant to Fed. R. Civ. P. 13(h).

unwarranted claims of infringement.  Cisco seeks a declaration that the '526 Patent is invalid and not infringed by Cisco or by customers of its TelePresence product line.  *See* D.I. 1 [Complaint].  Cisco moved to intervene in the Delaware Action and moved to transfer that action to the Northern District of California, the demonstrably more convenient forum and one that is home to the primary parties to this dispute: Cisco, TS and Margalla.  *See* D.I. 72 [Cisco Opp'n Defs.' Mot. Dismiss, Stay or Transfer] at 9-13.  After Cisco's motion to transfer was granted in November of 2009, TS voluntarily dismissed the transferred Delaware Action.  In turn, TS filed the "Third Party Complaint" that is the subject of this motion.  Although improperly styled as such, this pleading is actually a counterclaim adding new defendants in the action pursuant to Federal Rule of Civil Procedure 13(h), and for the sake of brevity and accuracy this motion hereinafter refers to "TS's Counterclaim."  TS's Counterclaim names five new defendants, including SBM Atlantia, as well as the original eight defendants in the Delaware Action.[2]  *See* D.I. 92 [TS's Counterclaim] ¶¶ 5-17.

TS's Counterclaim, however, fails to provide an adequate basis on which this Court may exercise personal jurisdiction over SBM Atlantia.  Except for the unsupported assertion that all "third party defendants have committed acts of infringement in this district; do business in this district; have systematic and continuous contacts in this district and/or have consented to jurisdiction here," TS's Counterclaim fails to include facts or allegations that SBM Atlantia has any substantial contacts with the state of California, let alone the Northern District of California.  D.I. 92 [TS's Counterclaim] ¶ 19.  In short, TS's Counterclaim asserts that this Court has jurisdiction over SBM Atlantia, but alleges no factual basis upon which such jurisdiction could be maintained.  Indeed, no such basis exists.  As illustrated below, SBM Atlantia lacks the minimum contacts with the State of California and with this judicial district necessary for the constitutional exercise of personal jurisdiction over SBM Atlantia and proper venue in this Court.

---

[2] There are significant questions regarding TS's basis for filing suit against these customers.  For example, Cabela's Incorporated was named even though it never purchased Cisco's TelePresence products and subsequently has been dismissed.  As explained herein, SBM Atlantia was named even though there is no personal jurisdiction over it in this Court;  TS has refused to dismiss SBM Atlantia from the suit, necessitating this motion.

**II.      STATEMENT OF THE FACTS**

The pertinent facts are set forth in the argument sections, as appropriate.

**III.      THIS COURT LACKS PERSONAL JURISDICTION OVER SBM ATLANTIA**

**A.      TS Bears the Burden to Establish that the Exercise of Personal Jurisdiction Over SBM Atlantia Is Constitutionally Permissible**

The burden lies on the plaintiff to make a prima facie showing that exercise of personal jurisdiction over a defendant is proper. *See Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)); *accord Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002).  At this stage, the Court must accept the "*uncontroverted* allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Autogenomics*, 566 F.3d at 1017 (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (alteration in original)); *accord Glencore Grain*, 284 F.3d at 1119.  However, the Supreme Court has made clear that in the context of a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[; t]hreadbare recitals . . . , supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

The two-part test for determining whether a district court has personal jurisdiction over a defendant in a patent infringement case requires that: (1) there must be jurisdiction under the state's long-arm statute and (2) jurisdiction must be consistent with the limitations of constitutional due process.  *Autogenomics,* 566 F.3d at 1017.  As California's long-arm statute permits exercise of jurisdiction to the full extent permissible under the U.S. Constitution, *see* Cal. Civ. P.Code § 410.10, the test collapses to the single question of whether exercise of jurisdiction satisfies due process, *see Autogenomics,* 566 F.3d at 1017.   Federal circuit law, applying the "minimum contacts" test first expressed in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), governs the due process analysis.  *See Red Wing Shoe Co.* v. *Hockerson-Halbertsadt, Inc.*, 148 F.3d 1355, 1358 & n.*.

The "minimum contacts" requirement may be established through contacts sufficient to assert either "specific" or "general" jurisdiction. *See Autogenomics*, 566 F.3d at 1017. Specific jurisdiction is appropriate when the lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984). General personal jurisdiction may attach even if the suit does not arise from the defendant's contacts with the forum, but only if the defendant's contacts with the forum are "substantial," "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-46 (1952); *id.* at 414-16 & n.9. Even if the plaintiff establishes contacts sufficient to support specific or general jurisdiction, a defendant may still defeat exercise of personal jurisdiction by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

**B.** **No Specific Jurisdiction Exists Over SBM Atlantia Because SBM Atlantia's Limited Contacts With the Forum Bear No Relation to TS's Counterclaim**

TS's Counterclaim alleges that SBM Atlantia has infringed the '526 patent by "use of a multiple subscriber video conferencing system," components of which "may have been provided by Cisco." D.I. 92 [TS's Counterclaim] ¶¶ 36, 38. TS's counterclaim against Cisco makes clear that the accused components are alleged to be Cisco TelePresence products. *See* D.I. 93 [TS's Answer and Counterclaim] ¶ 28. However, none of SBM Atlantia's limited contacts with California relate in any way to TS's accusations of infringement based on SBM Atlantia's use of Cisco's TelePresence products.

As an initial matter, SBM maintains no offices in California and has no employees who conduct business for the company in California. Declaration of Carla Mashinski In Support of SBM Atlantia's Motion to Dismiss ("Mashinski Decl.") ¶¶ 5, 8. The Cisco TelePresence products in SBM Atlantia's Houston, Texas offices were provided to SBM Atlantia by a foreign, third-party provider, pursuant to an agreement between SBM Atlantia and a foreign entity related to SBM Atlantia. *Id.* ¶ 14. SBM Atlantia has not purchased, leased, or otherwise conducted any business related to TelePresence products in California. *Id.* ¶ 13. Moreover, SBM Atlantia uses

1  TelePresence products to communicate *solely* with the foreign offices of its related, foreign

2  entities.  *Id.* ¶ 14.  SBM Atlantia has never used Cisco's TelePresence products in California.

3  *Id.* ¶ 13.  The disconnect between the alleged basis for TS's patent infringement counterclaims

4  and the limited contacts SBM Atlantia has with California is glaring.

5        Under Federal Circuit law, the legal standard is uncertain for the connection

6  required to support specific jurisdiction between the plaintiff's cause of action and the

7  defendant's contacts with the forum.  *See Avocent*, 552 F.3d at 1336-37 ("Although the exercise

8  of specific jurisdiction clearly depends on the existence of some nexus between the defendant's

9  contacts and the controversy . . . it is not clear how strong this nexus must be." (quoting 16 James

10  Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 108.42[7][a] (3d ed. 2008)).  But even under

11  the broadest possible reading of the nexus requirement, it is clear that SBM Atlantia's contacts

12  with California are entirely unrelated to TS's cause of action for patent infringement.  TS

13  therefore cannot establish that SBM Atlantia is subject to specific personal jurisdiction in this

14  Court.

15  **C.   SBM Atlantia's Limited Contacts With the Forum Do Not Approach the**
16  **"Continuous and Systematic" Contacts Required For General Jurisdiction**

17        As established above, TS's patent infringement counterclaim does not arise out of

18  or relate to SBM Atlantia's limited contacts with California.  Only if TS can make a showing that

19  SBM Atlantia maintains "continuous and systematic general business contacts" with the forum

20  may "general jurisdiction" provide an alternative basis for this Court to exercise personal

21  jurisdiction over SBM Atlantia.  *Helicopteros*, 466 U.S. at 415-16 & n.9.  TS's Counterclaim

22  offers nothing but unsupported—and unsupportable—conclusory allegations regarding the

23  amenability of the defendants' generally to personal jurisdiction in the Northern District of

24  California.  As discussed below, the facts establish that SBM Atlantia has only "sporadic and

25  insubstantial contacts with [California], which are not sufficient to establish general jurisdiction"

26  over SBM Atlantia in this forum.  *See Autogenomics*, 566 F.3d at 1017 (quoting *Campbell Pet*

27  *Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008)).

28        SBM Atlantia is a Delaware corporation with its principal place of business in

Houston, Texas.  Mashinski Decl. ¶¶ 3-4.  SBM Atlantia is one of a group of companies which sells systems and services to the global oil and gas industry.  *Id.* ¶ 2.  As previously explained, SBM Atlantia has no offices in the State of California and does not own, lease or rent real estate in California.  *Id.* ¶¶ 5-6.  The company does not sell, market or provide goods or services in California and *none* of SBM Atlantia's revenues are generated in California.  *Id.* ¶¶ 7, 9.  SBM Atlantia's total absence of California-derived revenue is telling when considered in the context of cases such as *Campbell* and *Autogenomics,* where the Federal Circuit approved district courts' findings of no general jurisdiction even where a defendant repeatedly made sales or entered into agreements with companies in the forum state.  *See Campbell,* 542 F.3d at 884 (affirming the district court's conclusion that defendant's 12 in-state sales over 8 years, the attendance of defendant at a sales conference in the state, and the defendants' generally accessible website were insufficient to establish general jurisdiction); *Autogenomics*, 566 F.3d at 1015-16 (finding no general jurisdiction despite the defendant's patent licenses with "about ten" forum corporations, supply agreement to purchase products from another corporation with offices in the forum, and sale of its product to another forum corporation).  Further reflecting the lack of personal jurisdiction is the fact that until the present action was brought, the company had never been sued in the state's courts, filed suit in the state, or consented to suit in the state.  Mashinski Decl. ¶ 12.

SBM Atlantia does have four employees—none of whom are officers or directors of SBM Atlantia—who have residences in Southern California.  Critically, however, none of those employees do business on behalf of SBM Atlantia in California.  The four SBM Atlantia employees who happen to have residences in the state all do work for the company either (1) exclusively in foreign countries or (2) abroad and at the company's Houston, Texas offices.  Mashinski Decl. ¶ 8.  In short, SBM Atlantia has no employees who conduct business on its behalf in the state.  The fact that SBM Atlantia has a handful of employees who work for it outside of California but maintain California residences hardly suggests that the exercise of general jurisdiction is permissible in this case.  In fact, this Court has previously held that general personal jurisdiction is inappropriate as a matter of law even where a foreign corporation employs a California field service engineer and has performed equipment installations at multiple

California sites. *ADAC Labs. v. Trionix Res. Lab., Inc.*, No. C 94-20659-JW, 1995 WL 16817 (N.D. Cal. Jan. 12, 1995), at *1-*2. Moreover, further evidence of the paucity of SBM Atlantia's contacts with California is provided by the fact that the company is not obligated to pay any state or local taxes in California. Mashinski Decl. ¶ 10. Finally, while SBM Atlantia has designated an agent for service of process in California—registering with the California Secretary of State as a Delaware corporation with its principal place of business in Texas, *id.* ¶ 11—designation of an agent for service does not constitute consent to general personal jurisdiction in the state. *See*, *e.g.*, *Perkins*, 342 U.S. at 445 (noting that state statutes requiring licensure or designation of an agent are not conclusive of general jurisdiction); *Gray Line Tours v. Reynolds Electrical & Engineering Co.*, 193 Cal. App. 3d 190, 193-95 (1987) (holding under California statute that designation of an agent and qualification to do business in California are alone insufficient to establish general jurisdiction). When considered in light of the fact that SBM Atlantia simply does not target its business towards nor generate revenue in the state of California, the company's limited California contacts fade in significance.

SBM Atlantia's fortuitous and insubstantial ties to California do not come close to the level of "continuous and systematic" contacts that "approximate physical presence" required to establish general personal jurisdiction. *Glencore Grain*, 284 F.3d at 1124 (describing the extent of the contacts found necessary to support the exercise of general jurisdiction by the Supreme Court in *Perkins*, 342 U.S. 437). This Court therefore possesses neither specific nor general personal jurisdiction to adjudicate TS's Counterclaims against SBM Atlantia. Accordingly, SBM Atlantia's motion to dismiss for lack of personal jurisdiction should be granted.

## IV.     THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE

TS's Counterclaim against SBM Atlantia should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Venue is improper in the Northern District of California for the same reasons that there is no personal jurisdiction over SBM Atlantia in this district. Pursuant to Section 1400(b), venue in a patent infringement case may only be brought either (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of

1  infringement <u>and</u> has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis

2  added).  Under Section 1391(c), a corporation "shall be deemed to reside" a judicial district of a

3  state with multiple judicial districts only if it is subject to personal jurisdiction in that state.  28

4  U.S.C. § 1391(c).   As previously established, SBM Atlantia is not subject to personal jurisdiction

5  in California. *See supra*, Section III.  SBM Atlantia thus does not "reside" in California for

6  purposes of the venue statute.  *See* 28 U.S.C. § 1391(c).  Similarly, SBM Atlantia does have *any*

7  place of business in California, much less a "regular and established" one.  *See* Machinski Decl.

8  ¶¶ 5-9.   Therefore, TS's Counterclaim with respect to SBM Atlantia is subject to dismissal, *see*

9  28 U.S.C. § 1406(a), as venue is improper in this district under Section 1400(b).

10 **V.      CONCLUSION**

11          For each of the aforementioned reasons, SBM Atlantia respectfully requests that

12 the Court grant its motion to dismiss TS's Counterclaim for lack of personal jurisdiction and

13 improper venue.

14

15 Dated: April 14, 2010                          WEIL, GOTSHAL & MANGES LLP

16

17                                                By:  _____/s/ Edward R. Reines_____

18                                                       EDWARD R. REINES

19                                                MATTHEW D. POWERS
                                                 matthew.powers@weil.com
20                                                EDWARD R. REINES
                                                 edward.reines@weil.com
21                                                SONAL N. MEHTA
                                                 sonal.mehta@weil.com
22                                                RIP FINST
                                                 rip.finst@weil.com
23                                                WEIL, GOTSHAL & MANGES LLP
                                                 201 Redwood Shores Parkway
24                                                Redwood Shores, CA  94065
                                                 Telephone: (650) 802-3000
25

26                                                Attorneys for Counterclaim-Defendant
                                                 SBM ATLANTIA, INC.
27

28

---

SBM ATLANTIA MOTION TO DISMISS
THIRD PARTY COMPLAINT                          8                          Case No C09-01550 JSW