# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TELECONFERENCE SYSTEMS, LLC. and others,<br><br>　　　　Defendants. | Case No. 09-cv-01550 JSW (NC)<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 302 |
| TELECONFERENCE SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TANDBERG, INC. and others,<br><br>　　　　Defendants. | Case No. 10-cv-01325 JSW (NC) |
| TELECONFERENCE SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T CORPORATION and others,<br><br>　　　　Defendants. | Case No. 10-cv-05740 JSW (NC) |

Case No. 09-cv-01550 JSW (NC)
REPORT AND RECOMMENDATION

In these related actions, plaintiff Teleconference Systems (TS) moves for leave to amend its infringement contentions with respect to claims 6, 18, 19, and 26 of the patent-in-suit. TS brings the motion because the district court adopted defendants' proposed construction of the "enterprise video gateway" limitation, which is present in each of the claims TS seeks to amend. The motion was referred to this court by District Judge White for a report and recommendation. Because TS has not met its burden to establish that it was diligent in discovering the basis for its proposed amendments, or that defendants will not suffer undue prejudice if the motion is granted, the court recommends that the district court deny the motion.

## I. BACKGROUND

These related actions concern the alleged infringement of twenty-one claims of U.S. Patent No. 6,980,526 (the '526 patent), which is entitled "multiple subscriber videoconferencing system." The '526 patent claims a system, method, and device for use in videoconferencing.

In the 09-01550 and 10-05740 actions, TS accuses Cisco and its customers (the Cisco defendants) of infringing the '526 patent. In the 10-01325 action, TS accuses Tandberg and its customers (the Tandberg defendants) of infringing the '526 patent.

TS served its initial infringement contentions on the Cisco and Tandberg defendants on October 19, 2010. Opp'n, Reines Decl. ¶ 3. TS's infringement contentions with respect to the Cisco defendants are different from the ones it asserted against the Tandberg defendants, because each set of contentions accuses different, non-overlapping products.

The district court has issued two claims construction orders in these related cases: the first on November 28, 2011, and the second on March 16, 2012. Dkt. Nos. 289, 300.[1] The district court has not set any future case management deadlines as of the date of this order.

In the first claims construction order, the district court construed the terms "enterprise gateway" and "enterprise video gateway" (EVG) to mean "videoconferencing device in the subscriber network with a globally routable IP address that receives and sends videoconferencing signaling and media." This was the construction proposed by defendants.

After the district court construed the EVG limitation in November 2011, TS claims to

---

[1] All references to the docket are with respect to the 09-01550 action.

Case No. 09-cv-01550 JSW (NC)
REPORT AND RECOMMENDATION     2

have begun an investigation to determine whether it would need to amend its infringement contentions in light of that construction. The purpose of the investigation allegedly was to identify the components of the accused products that meet the EVG limitation as construed by the district court, and it involved (1) several conference calls between TS's counsel and one of the named inventors of the '526 patent; (2) several conference calls between TS's counsel and TS's consulting technical expert; and (3) "independent study by the aforementioned individuals, review of publicly available documentation regarding the accused systems, [and] review of non-public information by TS's counsel." Mot. at 9-10, Dkt. No. 302. Based on this investigation, TS determined that it needs to amend its contentions because "the component, or components that meet the EVG limitation . . . can differ depending on the subscriber's network configuration." *Id.* at 9-11.

TS claims to have notified defendants of its intention to amend its contentions on February 7, 2012. TS served its proposed amended contentions on defendants on March 7, 2012. In its proposed amended contentions, TS identifies for the first time additional components of the accused products as meeting the EVG limitation.

In the initial infringement contentions TS served on the Cisco defendants, TS contended that the EVG limitation in claims 6, 18, 19, and 26 is satisfied by the Cisco Unified Communications Manager (CUCM). *See* Mot., Ex. 5, TS's ICs against Cisco defendants at 61 (claim 6), 90-92 (claim 18), 94 (claim 19), and 118-19 (claim 26). In the proposed amended contentions, TS contends that the EVG limitation in claims 6, 18, 19, and 26 is met by the following components, "either alone or in combination with one another . . . depending on the configuration deployed by the enterprise subscriber": the CUCM, the Cisco Unified Border Element (CUBE), the Cisco Adaptive Security Appliance (ASA), the Cisco IOS or Cisco IOS-XE Firewall Services, "and/or" the edge router (CE). *See* Mot., Ex. 1, TS's amended ICs against Cisco defendants at 1-22.

In the initial infringement contentions TS served on the Tandberg defendants, TS contended that the EVG limitation in claims 18 and 26 is satisfied by the "VCS Control." *See* Mot., Ex. 6, TS's ICs against Tandberg defendants at 77, 80 (claim 18), 113 (claim 26). In the

proposed amended contentions, TS contends that the EVG limitation in claims 6, 18, and 26 is met by the following components, "either alone or in combination . . . depending on the configuration deployed by the enterprise subscriber": the VCS Control, the IP Gateway, the firewall, "and/or" the edge router. *See* Mot., Ex. 2, TS's amended ICs against Tandberg defendants at 1-7.

TS filed its motion for leave to amend its infringement contentions as described above on March 20, 2012. TS contends that good cause exists for granting the motion, because it has been diligent in seeking the amendments at issue and defendants will not suffer undue prejudice if the motion is granted. Defendants oppose the motion, arguing that TS has not been diligent in seeking amendment, that the proposed amendments lack specificity, and that defendants will suffer undue prejudice if the motion is granted.

## II. STANDARD OF REVIEW

A party may amend its infringement contentions "only by order of the court upon a timely showing of good cause." Patent L.R. 3-6. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the accused instrumentality which was not discovered, despite diligent efforts, before the service of the infringement contentions. *Id.*

Good cause for granting a motion to amend infringement contentions exists when the moving party shows (1) that it was diligent in amending its contentions; and (2) that the non-moving party will not suffer undue prejudice if the motion is granted. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). If the moving party fails to establish diligence, there is "no need to consider the question of prejudice." *Id.* at 1368.

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." *Kilopass Tech. Inc. v. Sidense Corp.*, No. 10-cv-02066 SI, 2011 WL 5212259, at *1 (N.D. Cal. Nov. 2, 2011) (citation and internal quotation marks omitted). The

patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12.

### III. DISCUSSION

**A. TS has not established that it was diligent in discovering the basis for its proposed amendments**

Whether the moving party was diligent in seeking leave to amend its infringement contentions depends on (1) whether it was diligent in discovering the basis for the proposed amendment, and (2) how quickly it moved to amend the contentions once the new theory of infringement came to light. *Acer Inc. v. Tech. Props. Ltd.*, No. 08-cv-00877 JF, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010).

TS argues that it has been diligent in seeking leave to amend its contentions because (1) it "began investigating the accused products . . . immediately after" the district court issued its claim construction order; and (2) it served its supplemental contentions on defendants "immediately after completing an identification of all the components in the accused systems that could meet the EVG limitation." Mot. at 3.

Defendants argue that the district court's adoption of their claims-construction position on the EVG limitation does not, on its own, constitute good cause for granting TS's motion, because TS received notice of the construction at issue seven months before the district court construed the EVG limitation. Defendants contend that TS has not offered an excuse for failing to set forth a complete infringement theory for the EVG limitation before the district court construed that limitation. Defendants further argue that granting TS's motion given this unjustified delay would contradict the purpose and spirit of the patent local rules.

Here, TS fails to meet its burden to show that it was diligent in discovering the basis for the proposed amendments. TS argues that it was diligent because it began its investigation of the accused products after the district court construed the EVG limitation, but this argument is unconvincing because it assumes without providing justification that TS could not have discovered the basis for the proposed amendments sooner. TS received defendants' proposed

construction of the EVG limitation in April 2011; this date marked the beginning of the relevant time period for evaluating TS's diligence because that is when TS first became aware of the risk that the district court could adopt that construction. *See Sunpower Corp. Sys. v. Sunlink Corp.*, No. 08-cv-02807 SBA, 2009 WL 1657987, at *1 (N.D. Cal. June 12, 2009) (denying motion to amend invalidity contentions under Patent Local Rule 3-6, which is the same rule that governs amendments to infringement contentions, because a claims-construction ruling "in and of itself does not constitute good cause" for allowing amendment, as the "risk of the construction rendered by the presiding judge was well known and anticipated by [the movant]").

TS provides no explanation as to why it did not begin its investigation of the accused products when it received defendants' proposed construction of the EVG limitation and instead chose to wait until the district court construed that limitation. TS's failure to justify this delay is sufficient to deny its motion. *Acer Inc. v. Tech. Props. Ltd.*, No. 08-cv-00877 JF, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010) (denying motion to amend infringement contentions because the moving party failed to explain why it was "unable to perform a comprehensive review of the available infringement information" before it actually conducted an investigation that formed the basis of the proposed amendments); *see also Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, No. 09-cv-03304 EMC, 2011 WL 5604063, at *3 (N.D. Cal. Nov. 16, 2011) ("failure to demonstrate diligence alone bars relief under [Patent Local] Rule 3-6").

Moreover, TS's diligence arguments are undermined by the record of e-mail communications between counsel, which suggests that TS's decision to wait to investigate the accused products with respect to the EVG limitation was motivated at least in part by gamesmanship. *See Acer*, 2011 WL 1838768, at *2 n.6 (stating that a factor relevant to the court's determination of whether good cause exists for granting leave to amend infringement contentions is "whether the request to amend is motivated by gamesmanship"). On February 2, 2012, more than two months after the district court construed the EVG limitation, counsel for the Cisco defendants wrote an email to TS's counsel stating that "in view of the Court's construction [of the EVG limitation], we do not believe that TS can legitimately assert infringement of claims 6-8, 18, 19 and 22-26 or their dependents." Opp'n, Reines Decl., Ex. C, Email from Mehta to

1  Simon. It was only after TS received this email that it disclosed to defendants the possibility that
2  it would seek leave to amend its infringement contentions. Based on the timing of this disclosure,
3  and the fact that TS's proposed amendments expand its theory of infringement with respect to
4  claims 6, 18, 19, and 26, it appears that TS's untimely motion was motivated by a desire to avoid
5  an adverse substantive ruling with respect the claims that it now seeks to amend. This "wait-and-
6  see" approach defies the spirit of the patent local rules, which is to "require parties to crystallize
7  their theories of the case early in the litigation and to adhere to those theories once they have been
8  disclosed." *O2 Micro*, 467 F.3d at 1366 n.12; *see also* N.D. CAL. PATENT LOCAL RULES
9  ADVISORY SUBCOMMITTEE REPORT (2008) at 2 (stating that the patent local rules were amended
10  in 2008 to eliminate the concept of "preliminary" contentions "in favor of a single round of
11  contentions which can be modified only for good cause" because the preliminary-contention
12  system was widely perceived "as not tying litigants sufficiently to their positions").

13  Finally, the cases on which TS relies to establish that it has been diligent are
14  distinguishable from the facts presented here. *See Avago Techs. Gen. IP Pte Ltd. v. Elan*
15  *Microelectronics Corp.*, No. 04-cv-05385 JW, 2007 WL 1449758, at *1 (N.D. Cal. May 15,
16  2007) (granting motion for leave to amend invalidity contentions because non-moving party
17  admitted that it would not suffer prejudice by amendment); *Acer*, 2011 WL 1838768, at * 3
18  (granting in part leave to amend infringement contentions to assert new claims after
19  reexamination was completed because "diligence does not require that a party awaiting USPTO
20  action assert all potential claims").

21  **B.    TS has not established that defendants will not suffer undue prejudice if the motion is granted**

22  TS argues that defendants will not suffer undue prejudice if the motion is granted because
23  (1) case management deadlines, including the discovery cut-off, have not been set and defendants
24  have not yet conducted any substantive depositions; and (2) the proposed amendments do not
25  assert new claims or accuse new products. Mot. at 3. TS also argues that defendants cannot
26  claim undue prejudice because "defendants know" that the accused products must have a device
27  that meets the EVG limitation in order for them to work. *Id.* at 14.
28

Case No. 09-cv-01550 JSW (NC)  
REPORT AND RECOMMENDATION      7

1           Defendants argue that they will suffer undue prejudice if the motion is granted because
2    TS's infringement contentions "framed the scope of the case" and defendants relied on that scope
3    in conducting discovery, claim construction, and preparing their defenses. Opp'n at 2-3.
4    Additionally, defendants contend that "TS's proposal creates a morass of vague new
5    infringement contentions" that lack the specificity required by the patent local rules. *Id.*
6           Here, because TS has not met its burden to establish diligence, the court "need not even
7    entertain whether the amendment would prejudice the nonmoving party." *Trans Video*
8    *Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011). In any event,
9    the court finds that defendants will suffer undue prejudice if the motion is granted because TS's
10   proposed amendments lack the specificity required by the patent local rules.
11          The proposed amendments identify for the first time several components of the accused
12   products as meeting the EVG limitation. TS does not explain how the identified components
13   meet the EVG limitation; rather, it states conclusorily that the components meet the EVG
14   limitation "either alone or in combination with one another . . . depending on the configuration
15   deployed by the enterprise subscriber." *See* Mot., Ex. 1, TS's amended ICs against Cisco
16   defendants at 2. This bare and conclusory contention is far from the "reverse engineering or its
17   equivalent" level of specificity that the patent rules require for infringement contentions. *Bender*
18   *v. Maxim Integrated Prods., Inc.*, No. 09-cv-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar.
19   22, 2010) (holding that "[f]or infringement contentions to satisfy [the patent local rules] plaintiff
20   [must] compare an accused product to its patents on a claim by claim, element by element basis
21   for at least one of [the accused products]" and that "reverse engineering or its equivalent is
22   required") (citation and internal quotation marks omitted).
23          TS's proposed amendments also state conclusorily that "to the extent the EVG is found
24   not to be literally present in the accused systems it is present under the doctrine of equivalents."
25   *See* Mot., Ex. 1, TS's amended ICs against Cisco defendants at 17. This statement also fails to
26   meet the specificity requirements of the patent local rules, because it does not explain how each
27   accused element would infringe under the doctrine of equivalents. *See Implicit Networks Inc. v.*
28   *Hewlett-Packard Co.*, No. 10-cv-03746, 2011 WL 3954809, at *3 (N.D. Cal. Sept. 7, 2011)

(finding as insufficient infringement contentions asserting doctrine of equivalents because contentions failed to provide "specific analysis, on an element-by-element basis, as to its theory of why there is infringement under the doctrine of equivalents").

Permitting TS to expand and to obfuscate its theory of infringement at this juncture would allow TS to take advantage of the "shifting sands" approach that the amended local rules were designed to deter. *See Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-cv-02066 SI, 2011 WL 5212259, at *1 (N.D. Cal. Nov. 2, 2011) ("In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction.").

## IV. CONCLUSION

Because TS has not met its burden to establish that it was diligent in discovering the basis for its proposed amendments, or that defendants will not be unduly prejudiced if the motion is granted, the court RECOMMENDS that the district court DENY TS's motion for leave to amend its infringement contentions. Any party may file objections to this report and recommendation within fourteen days of the date it is filed. FED. R. CIV. P. 72(b).

IT IS SO ORDERED.

Date: June 11, 2012

Nathanael M. Cousins
United States Magistrate Judge